UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ZHEN ZHOU WU a/k/a ALEX WU,<br>YUFENG WEI a/k/a ANNIE WEI, and<br>BO LI a/k/a ERIC LEE, CHITRON<br>ELECTRONICS, INC., and CHITRON<br>ELECTRONICS COMPANY LIMITED<br>a/k/a CHI-CHUANG ELECTRONICS<br>COMPANY LIMITED,<br><br>                Defendants. | Crim. No.  08 CR 10386 PBS |

**JOINT MOTION OF DEFENDANTS ZHEN ZHOU WU, YUFENG WEI, AND BO LI IN OPPOSITION TO GOVERNMENT'S MOTION FOR ENTRY OF ORDER OF EXCLUDABLE DELAY**

Defendants Zhen Zhou Wu, Yufeng Wei, and Bo Li oppose the Government's Motion for Entry of Order of Excludable Delay.  In support of this Opposition, the defendants state as follows:

1.    Mr. Wu and Mr. Li were arrested on December 5, 2008 and have been detained since then.

2.    Following the March 6, 2009 Initial Status Conference, this Court issued an Order of Excludable Delay, finding that "as of April 21, 2009, TWENTY-FOUR (24) non-excludable days will have occurred leaving FORTY-SIX (46) days left to commence trial so as to be within the seventy-day period for trial set by statute."  Mar. 9, 2009 Order at 2.

3.    On April 23, 2009, the Court arraigned the above-named co-defendants on the First Superseding Indictment.

4. Under the Speedy Trial Act, the Government has the burden of moving the prosecution forward and explaining any basis for excluding time. See United States v. Barnes, 159 F.3d 4, 15 (1st Cir. 1998) (noting that the government has a duty to watch the Speedy Trial clock and explain reasons for delays); United States v. Luedecke, 2006 WL 2040132, at *5 (D.N.H. July 20, 2006) (dismissing indictment where the government failed to carry its burden of showing that the time period at issue was excludable).

5. The Speedy Trial Act permits the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 USC § 3161(h)(7)(A).[1] In conducting the "ends of justice" balancing test, a judge must consider certain factors, including the complexity of the case, the need for continuity of counsel, and the time needed for counsel to effectively prepare for trial. 18 USC § 3161(h)(7)(B); see also United States v. Shanahan, 2007 WL 2332727, at *3 (D.N.H. Aug. 15, 2007).

6. Although the Local Rules provide that the ends of justice may be served by excluding a period of time to conduct discovery under the automatic discovery process, they do not require such an exclusion. See LR 112.2 (providing that the time periods outlined in the rule "*may* be excluded" and "will not be automatically excluded") (emphasis added). Thus, the Court must use appropriate discretion in any such Order.

7. Despite the Government's implication otherwise, a "trial court's discretion to invoke the ends of justice exception by granting a continuance is exceedingly 'narrow,' and should not be done 'lightly or routinely.'" United States v. Barnes, 159 F.3d at 13 (internal citations omitted); United States v. Winston, 492 F.Supp.2d 15, 19 (D.Mass. 2007) (denying

---

[1] The government refers to 18 USC §3160(h)(8)(A), but that provision was re-numbered in 2008 as §3161(h)(7)(A).

government's motion for excludable delay and recognizing that the court's ability to authorize an "ends of justice" continuance is "relatively circumscribed, and continuances should not be granted cavalierly."); see also United States v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990) (observing that Congress intended "ends of justice" exclusions to be "rarely used," and that the provision is "not a general exclusion for every delay") (internal citations omitted).

8. Here, the Government claims that a continuance is necessary to allow the defendants an opportunity to receive and digest new discovery. Motion at 3. Although counsel for Mr. Wu requested an opportunity to review new discovery (which, in any event, has not yet been provided) before the status conference, neither he nor counsel for the other defendants contend that such time should be excluded from the Speedy Trial clock.

9. Given that the Government has failed to demonstrate that the "ends of justice" will be served by excluding the time period from May 7, 2009 to June 4, 2009, its motion must be denied.

The defendants, therefore, request that the Court deny the Government's Motion for Entry of Order of Excludable Delay.

Dated:  May 20, 2009

Respectfully submitted,

ZHEN ZHOU WU

By his attorney,

*/s/ Donald K. Stern*
Donald K. Stern (BBO# 479420)
COOLEY GODWARD KRONISH LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 937-2300
Fax: (617) 937-2400

BO LI

By his attorney,

   */s/ George C. McMahon*
George C. McMahon (BBO# 338240)
Law Offices of George C. McMahon
308 Victory Rd.
Marina Bay
N. Quincy, MA  02171
Tel:   (617) 770-0600
Fax:   (617) 773-6934

YUFENG WEI

By her attorney,

   */s/ Thomas R. Kiley*
Thomas R. Kiley (BBO #271460)
William J. Cintolo (BBO# 084120)
Cosgrove, Eisenberg & Kiley, P.C.
One International Place, Suite 1820
Boston, MA 02110-2600
Phone: (617) 439-7775
Fax: (617) 330-8774

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing motion was filed electronically in compliance with ECF procedures on this 20th day of May 2009.

   */s/ Donald K. Stern*
Donald K. Stern