

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

August 26, 2009

**BY HAND**

Robert Alba
Courtroom Deputy
        to the Honorable Patti B. Saris
United States District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

      Re:    <u>United States v. Zhen Zhou Wu a/k/a Alex Wu, et al.</u>,
            Criminal Action No. 08-10386-PBS -PBS

Dear Mr. Alba:

      Enclosed is the Pretrial Order into which the parties have inserted agreed-upon dates for the various events specified in the Order.

      I would like to clarify for the Court the description I provided, in response to the Court's questions at Monday's hearing, of discovery the government anticipates providing after the return of a Second Superseding Indictment. Based on review of discovery produced to date, I was correct in informing the Court that the government has already provided the defendants the great majority of all documents relevant to this case. In considering the documents yet to be produced, however, I overlooked a substantial volume of documents that the government has received or expects to receive from third parties. The largest category of such documents consists of documents provided by manufacturers and distributors from which Chitron procured goods that will likely be alleged to have been exported illegally. These documents are not relevant to the charges in the current iteration of the indictment and the government has therefore not yet produced them. However, these documents will be relevant to any future indictment and the government will produce them in accordance with its discovery obligations and the local rules. Moreover, these documents will be key to the proof that any newly-charged illegal exports in fact occurred.

      Only after the Grand Jury has returned an indictment that alleges additional violations of

Mr. Robert Alba
August 26, 2009
Page 2

export laws, among other potential charges, will the government know with specificity which documents are relevant to the new charges. This raises a concern regarding the feasibility of the timing discussed at the hearing this week for the parties to engage in what the Court described as a cooperative, informal process of identifying key documents relevant to charges in the forthcoming indictment. Specifically, only after the return of a new indictment will the government be able to undertake the task of producing those documents to the defense. This involves bates-numbering those documents and scanning them so they may be produced to the defendants electronically. Experience teaches that this process will be time consuming. Upon completion of this process, the government will produce the documents to the defense. A subset of those documents will be among the key documents the Court has instructed the government to identify informally for the defense. Only after the documents have been scanned, labeled and produced to the defense will the government be able to work with the defense in a meaningful way to identify key documents.

    The government is mindful of the Court's interest in making the discovery process as efficient as possible and avoiding unnecessary delay. The government will discharge its obligation to produce all relevant documents not already produced as expeditiously as practicable. It does not appear feasible, however, to engage with the defendants in the process of identifying key documents relevant to charges yet to be filed within three weeks of the return of a Second Superseding Indictment. The government will nonetheless endeavor to engage in that process as soon as feasible and is confident that it will be able to do so in mid-October, well in advance of its production of a trial exhibit list.

                                                  Very truly yours,

                                                  John A. Capin
                                                  Assistant U.S. Attorney

Enclosure

cc:    Donald K. Stern, Esq.
        George C. McMahon, Esq.
        William J. Cintolo, Esq.
        Paul W. Johnson, Esq.
        H. Reed Witherby, Esq.